```
               UNITED STATES DISTRICT COURT
               SOUTHERN DISTRICT OF FLORIDA

               CASE NO. 08-60873-CIV-ZLOCH
```

RICARDO JEAN-LOUIS,

      Plaintiff,                  **DEFAULT FINAL JUDGMENT**
                                       **Re: LIABILITY AS TO**
vs.                              **DEFENDANT NITRO SECURITY**
                                       **AND INVESTIGATION, INC.**
NITRO SECURITY AND
INVESTIGATION, INC., and LUIS
AMELY,

      Defendants.
_____/

    THIS MATTER is before the Court upon Plaintiff Ricardo Jean-Louis's Motion For Final Judgment (DE 12).  The Court has carefully reviewed said Motion and the entire court file and is otherwise fully advised in the premises.

    Plaintiff initiated the above-styled cause with the filing of his Complaint (DE 1) on June 9, 2008.  After timely service of process on Defendant Nitro Security And Investigation, Inc. and the failure to timely respond, Default was entered against said Defendant (DE Nos. 9 & 11).  Plaintiff now moves for Final Judgment against Defendant.

    The well-pleaded allegations made in Plaintiff's Complaint (DE 1) are deemed admitted by Defendant by virtue of the default entered against it.  <u>Cotton v. Mass. Mut. Life Ins. Co.</u>, 402 F.3d 1267, 1277-78 (11th Cir. 2005) (citations omitted).  Thus, the allegations Defendant admits by its default are that it employed Plaintiff in interstate commerce and failed to pay him a minimum

wage.  By the instant Motion (DE 12), Plaintiff seeks to recover unpaid wages at $8.25 per hour for forty (40) hours and overtime compensation at $12.38 per hour for eight (8) overtime hours. However, Plaintiff's Motion is wholly deficient as to support for these hours and hourly rates.  There is no indication of what week or weeks Plaintiff worked and what, if any, agreement he had with Defendant.  The <u>only</u> Affidavit attached to the Motion is one by Plaintiff's attorney to support a claim for attorney's fees.  The Court notes that this Affidavit fails to meet the requirements of Local Rule 7.3.A of the Southern District of Florida.

Accordingly, after due consideration, it is

**ORDERED AND ADJUDGED** as follows:

1. The Court has jurisdiction over the Parties hereto and the subject matter herein;

2. Plaintiff Ricardo Jean-Louis's Motion For Final Judgment (DE 12) be and the same is hereby **GRANTED** as to liability only;

3. Pursuant to Federal Rules of Civil Procedure 55 and 58, Default Final Judgment Re: Liability be and the same is hereby **ENTERED** in favor of Plaintiff Ricardo Jean-Louis and against Defendant Nitro Security And Investigation, Inc.;

4. By <u>noon</u> on <u>Tuesday, July 29, 2008</u>, Plaintiff Ricardo Jean-Louis shall file a motion for final judgment as to damages against Defendant Nitro Security And Investigation, Inc., which motion shall be supported by Exhibits and Affidavits and a proposed

Default Final Judgment; and

    5. Any request for attorney's fees, whether contained in the Motion called for by paragraph 4 of this Order or by separate Motion, shall conform to the requirements of Local Rule 7.3.A of the Southern District of Florida.

    **DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this   28th   day of July, 2008.

                                          WILLIAM J. ZLOCH
                                          United States District Judge

Copies furnished:

All Counsel of Record