```
                    UNITED STATES DISTRICT COURT
                    SOUTHERN DISTRICT OF FLORIDA

                  CASE NO. 08-60873-CIV-ZLOCH
```

RICARDO JEAN-LOUIS,

      Plaintiff,            **DEFAULT FINAL JUDGMENT**
                                      **Re: DAMAGES AS TO**
vs.                              **DEFENDANT NITRO SECURITY**
                                     **AND INVESTIGATION, INC.**
NITRO SECURITY AND
INVESTIGATION, INC., and LUIS
AMELY,

      Defendants.
_____/

      THIS MATTER is before the Court upon Plaintiff Ricardo Jean-Louis's Motion For Final Judgment In Response To Court Order (DE 16). The Court has carefully reviewed said Motion and the entire court file and is otherwise fully advised in the premises.

      Plaintiff initiated the above-styled cause with the filing of his Complaint (DE 1) on June 9, 2008. After timely service of process on Defendant Nitro Security And Investigation, Inc. and its failure to timely respond, Default was entered against said Defendant (DE Nos. 9 & 11). By prior Order (DE 13) Default Final Judgment Re: Liability was entered against said Defendant. Plaintiff now moves for Final Judgment as to liability.

      By the instant Motion (DE 16), Plaintiff seeks to recover unpaid wages for forty (40) regular hours and eight (8) overtime hours he worked during the week of April 21-26, 2008. He states that he was to receive $8.25 per hour and should recover accordingly. However, in the Complaint (DE 1), Plaintiff made the

following allegations as to the pay he was seeking by this action:

> 10. During his employment, the Plaintiff did not receive his paychecks as Defendants willfully refused to compensate for Plaintiff for even the basic minimum wage for such work, as required by the FLSA.
>
> . . . .
>
> 13. That Plaintiff is entitled to minimum wage for hours worked pursuant to the FLSA.

DE 1, ¶¶ 10, 13. Again, in the instant Motion (DE 16), Plaintiff states that he "filed a claim against Defendant to recover minimum wage compensation pursuant to the Fair Labor Standards Act." DE 16, ¶ 2. Plaintiff has not cited to the Court, nor has the Court found, any statute or case that would entitle him to recover his contracted-for rate under the FLSA. Rather, the FLSA allows Plaintiff to recover $5.85 per hour for hours worked up to forty (40) during the week of April 21-26, 2008. 29 U.S.C. § 206(a)(1)(A). Therefore, Plaintiff shall recover $5.85 per hour for the first forty (40) hours he worked and time-and-one-half at $8.78 per hour for the eight (8) overtime hours worked, for a total recovery of $304.24 in unpaid wages and an additional equal amount as liquidated damages.

Plaintiff also seeks to recover his reasonable attorney's fees for the successful prosecution of this action. While the award of attorney's fees is mandatory under FLSA, the Court has a duty to make sure that such an award is reasonable. See Hensley v. Eckhart, 461 U.S. 424, 433-34 (1983) (noting that reasonableness is the bedrock upon which the determination of the amount of

attorney's fees rests).  The determination of exactly what fees to assess is vested in the sound discretion of the Court.  Further,

> it generally is recognized that the federal courts should exercise care and restraint when awarding attorney's fees.  Undue generosity might encourage some members of the bar to seek out clients and encourage litigation over disputes that otherwise might not reach the courts. Were this to become a widespread practice both the American system of civil litigation and the legal profession might fall into public disrepute.

10 Wright, Miller & Kane, Federal Practice and Procedure: Civil 3d § 2675.1 (1998).

To calculate a reasonable fee, the Court must utilize the "lodestar" method.  See Norman v. Housing Auth. of City of Montgomery, 836 F.2d 1292, 1299 (11th Cir. 1988).  In computing the lodestar, the first step is to determine the reasonable hourly rate.  A "reasonable hourly rate" has been defined as "the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience and reputation." Loranger v. Stierheim, 10 F.3d 776, 781 (11th Cir. 1994) (quoting Norman, 836 F.2d at 1299).  The Court is deemed an expert on the issue of hourly rates in this community and may properly consider "its own knowledge and experience concerning reasonable and proper fees and may form an independent judgment either with or without the aid of witnesses as to value." Loranger, 10 F.3d at 781 (quoting Norman, 836 F.2d at 1303).  Here the Court is satisfied that a reasonable lodestar for Mr. Chad E. Levy, Esq. is $225.00 per hour.

Once the lodestar is set, the Court must determine the reasonable number of hours incurred in making the motion. This analysis focuses on the exclusion of hours "that would be unreasonable to bill to a client and therefore to one's adversary irrespective of the skill, reputation or experience of counsel." ACLU of Georgia v. Barnes, 168 F.3d 423, 428 (11th Cir. 1999) (quoting Norman, 836 F.2d at 1301) (emphasis omitted). The burden of establishing that the time for which compensation is sought was reasonably expended on the litigation rests on the applicant. See id. at 428. The fee applicant must provide the Court with specific and detailed evidence that will allow the Court to accurately determine the amount of fees to be awarded. Id. If the applicant fails to exercise the requisite billing judgment, the Court is obligated to do so by reducing the amount of hours and "pruning out those that are excessive, redundant or otherwise unnecessary." Id.

The instant Motion (DE 41) reflects that Mr. Levy expended 14.3 hours in the successful prosecution of this action. The Court finds that this is not a reasonable amount of time spent on a perfunctory case resulting in this Default Final Judgment. The Court shall reduce Plaintiff's award of attorney's fees to six (6) hours. Therefore, Plaintiff shall recover $1,350.00 ($225 x 6) in attorney's fees.

Accordingly, after due consideration, it is

**ORDERED AND ADJUDGED** as follows:

1. The Court has jurisdiction over the Parties hereto and the

subject matter herein;

2. Plaintiff Ricardo Jean-Louis's Motion For Final Judgment In Response To Court Order (DE 16) be and the same is hereby **GRANTED**;

3. Pursuant to Federal Rules of Civil Procedure 55 and 58, Default Final Judgment Re: Damages be and the same is hereby **ENTERED** in favor of Plaintiff Ricardo Jean-Louis and against Defendant Nitro Security And Investigation, Inc.;

4. Plaintiff Ricardo Jean-Louis does have and recover from Defendant Nitro Security And Investigation, Inc. the sum of $608.48 in liquidated and actual damages, plus interest thereon at the rate of 2.23% per annum from the date of this Order, for all of which let execution issue; and

5. Plaintiff Ricardo Jean-Louis does have and recover from Defendant Nitro Security And Investigation, Inc. the sum of $1,350.00 in attorney's fees, for all of which let execution issue.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this   12th   day of August, 2008.

WILLIAM J. ZLOCH
United States District Judge

Copies furnished:

All Counsel of Record